UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **TIMOTHY POMPY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Cause No. 3:24-cv-00297-DRL-MGG |
| | ) |
| **HEARTHSIDE FOOD SOLUTIONS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**REPORT OF PARTIES' PLANNING MEETING**

1. **Meet and Confer**. The parties conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this report on Wednesday, June 19, 2024. Chris Wolcott, Esquire, participated on behalf of plaintiff, and Melissa Macchia participated for the defendant.

2. **Jurisdiction**.

This Court has jurisdiction over this matter pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331. The parties agree that this matter involves a federal question (i.e., Title VII race-based harassment and retaliation claims).

3. **Pre-Discovery Disclosures**.

The parties will exchange *but may not file*, Rule 26(a)(1) information by August 2, 2024.

4. **Discovery Plan**.

The parties propose the following discovery plan.

Discovery will be needed on the following subjects: Plaintiff's claim that he was subjected to a racially-hostile work environment; Plaintiff's claim that he was retaliated against for opposing that racial hostility; Plaintiff's damages; and evidence related to any defenses raised by Defendants

1

in this matter.

The parties do not believe that a substantial amount of ESI will be produced in this case. If, as the case progresses, the parties do believe that a substantial volume of ESI is likely to be produced, the parties agree to confer and either enter into a written agreement concerning the production of ESI or move to amend this Case Management Plan as necessary. The parties will seek discovery on the issues identified above. Disclosures or discovery of electronically stored information ("ESI") should be handled as follows:

(a) <u>Production of ESI:</u> The parties will work in good faith to locate discoverable and reasonably accessible ESI. Absent any objection, electronic discovery shall be produced to the requesting party in PDF format. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by email, or by other electronic means. If the receiving party determines in good faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request an electronic copy. The presumption during the course of discovery will be that any disclosed ESI will not include metadata. Metadata can be disclosed, but only after such a request is expressly stated in writing and only after the requesting party has agreed to bear the cost of producing such metadata to the other party.

(b) <u>Inadvertent Disclosure of Privileged Documents:</u> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this

2

proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

Discovery Deadlines and Matters

- The last date to complete all discovery is February 11, 2025.
- Maximum of 25 interrogatories by each party to any other party.
- Maximum of 25 requests for admission by each party to any other party, excluding those that seek to authenticate documents.
- Maximum of 5 depositions by plaintiff and 5 by defendant.
- Each deposition is limited to a maximum of 7 hours unless extended by stipulation or Court order.
- The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:
    - December 11, 2024 for plaintiff.
    - January 10, 2025 for defendant.
- Rule 26(e) supplementations shall occur every 60 days.

5. **Other Items**.

The last date the plaintiff may seek permission to join additional parties and to amend the pleadings is August 9, 2024.

The last date the defendants may seek permission to join additional parties and to amend the pleadings is September 9, 2024.

The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

The case should be ready for jury trial by October 2025 and at this time is expected to take approximately 3 days.

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

6. **Alternative Dispute Resolution**.

The case's settlement prospects may be enhanced through Mediation.

The Parties are still discussing a mutually-agreeable mediator for this matter. The Parties request that the Court issue an order instructing the Parties to file notice of mediator selection on or before August 2, 2024.

Other: None at this time.

Date: June 20, 2024.

Respectfully submitted,

/s/ *Christopher S. Wolcott (with consent)*  
Christopher S. Wolcott  
The Wolcott Law Firm LLC  
450 East 96th Street Suite 500  
Indianapolis, IN  46240  
Tel: (317) 500-0700  
Fax: (317) 342-2799  
    Indy2buck@hotmail.com  

Counsel for Plaintiff

/s/ *Melissa A. Macchia*_____  
Manuel Herceg  
Melissa A. Macchia  
Tristan C. Fretwell  
Taft Stettinius & Hollister LLP  
One Indiana Square, Ste 3500  
Indianapolis, IN  46204  
Tel: (317) 713-3500  
Fax: (317) 713-3699  
mherceg@taftlaw.com  
mmacchia@taftlaw.com  
tfretwell@taftlaw.com  

Counsel for Defendant